**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC, | Civil Action No. 2:16-cv-1038 |
| *Plaintiff,* | |
| v. | **JURY TRIAL DEMANDED** |
| BARRACUDA NETWORKS, INC. | |
| *Defendant.* | |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Marking Object Virtualization Intelligence, LLC ("MOV Intelligence" or "Plaintiff"), by and through its attorneys, brings this action and makes the following allegations of patent infringement relating to U.S. Patent Nos.: 6,802,006 ("the '006 patent"); 6,510,516 ("the '516 patent"); and 7,650,504 ("the '504 patent") (collectively, the "patents-in-suit" or the "MOV Intelligence Patents").  Defendant Barracuda Networks, Inc. ("Barracuda" or "Defendant") infringes each of the patents-in-suit in violation of the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*.

## THE PARTIES
## MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC

1.     Marking Object Virtualization Intelligence, LLC ("MOV Intelligence") is a Texas limited liability company with its principal place of business located at 903 East 18th Street, Suite 217, Plano, Texas 75074.  MOV Intelligence is committed to advancing the current state of DRM and watermarking technologies.

2.     MOV Intelligence Global Licensing, LLC ("MOV Global Licensing") is a wholly-owned subsidiary of MOV Intelligence and assists in the licensing of MOV Intelligence's patents in territories outside the United States with a focus on the European Union (and the

United Kingdom).  MOV Intelligence Global Licensing, LLC is a corporation organized under the laws of Delaware.

**BARRACUDA NETWORKS, INC.**

3.     On information and belief, Barracuda Networks, Inc. is a Delaware corporation with its principal place of business at 3175 S. Winchester Boulevard, Campbell, California 95008.  Barracuda may be served through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.  On information and belief, Barracuda is registered to do business in the State of Texas, and has been since at least April 1, 2013.

**JURISDICTION AND VENUE**

4.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.     Upon information and belief, this Court has personal jurisdiction over Barracuda in this action because Barracuda has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Barracuda would not offend traditional notions of fair play and substantial justice.  Barracuda, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the patents-in-suit.  In addition, Defendant Barracuda is registered to do business in the State of Texas.

6.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).  Barracuda is registered to do business in Texas, and upon information and belief, has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.   Plaintiff MOV Intelligence is not owned or controlled by Rovi Corporation or any affiliate of Rovi Corporation.

## THE ASSERTED PATENTS

### U.S. PATENT NO. 6,802,006

7.      U.S. Patent No. 6,802,006 (the "'006 patent"), entitled System and Method of Verifying the Authenticity of Dynamically Connectable Executable Images, was filed on July 22, 1999, and claims priority to January 15, 1999.  MOV Intelligence is the owner by assignment of the '006 patent.  A true and correct copy of the '006 patent is attached hereto as Exhibit A.

### U.S. PATENT NO. 6,510,516

8.      U.S. Patent No. 6,510,516 (the "'516 patent"), entitled System and Method for Authenticating Peer Components, was filed on January 15, 1999, and claims priority to January 16, 1998.  MOV Intelligence is the owner by assignment of the '516 patent.  A true and correct copy of the '516 patent is attached hereto as Exhibit B.

### U.S. PATENT NO. 7,650,504

9.      U.S. Patent No. 7,650,504 (the "'504 patent"), entitled System and Method of Verifying the Authenticity of Dynamically Connectable Executable Images, was filed on August 23, 2004, and claims priority to July 22, 1999.  MOV Intelligence is the owner by assignment of the '504 patent.  A true and correct copy of the '504 patent is attached hereto as Exhibit C.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,802,006

10.      MOV Intelligence references and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

11.      Barracuda designs, makes, uses, sells, and/or offers for sale in the United States products and/or services for determining the authenticity of an executable image.

12.      Barracuda designs, makes, sells, offers to sell, imports, and/or uses the Barracuda Web Application Firewall Versions 360, 360Vx, 460, 460Vx, 660, 660Vx, 860, 860Vx, 960, 960Vx, and Barracuda Cloud LiveBoot Recovery (the "Barracuda '006 Products").

13.     On information and belief, one or more Barracuda subsidiaries and/or affiliates use the Barracuda '006 Products in regular business operations.

14.     On information and belief, one or more of the Barracuda '006 Products include authentication technology.

15.     On information and belief, one or more of the Barracuda '006 Products enable authenticating the identity of a software application in a dynamic loading environment.  In particular, the Barracuda '006 Products determine whether an executable image has been dynamically connected to another data object that has been tampered with subsequent to the execution of the software application.

16.     On information and belief, the Barracuda '006 Products are available to businesses and individuals throughout the United States.

17.     On information and belief, the Barracuda '006 Products are provided to businesses and individuals located in the Eastern District of Texas.

18.     On information and belief, the Barracuda '006 Products enable identifying one or more locations within the executable image, each of the identified locations being modified by a program loader.

19.     On information and belief, the Barracuda '006 Products comprise a system wherein a reference digital signature is generated based on an executable image.

20.     On information and belief, the Barracuda '006 Products generate a reference digital signature that excludes one or more locations in an executable image.

21.     On information and belief, the Barracuda '006 Products are capable of storing the reference digital signature on a computer network.

22.     On information and belief, the Barracuda '006 Products comprise systems and methods wherein an authenticity digital signature is generated based on an executable image.

23.     On information and belief, the Barracuda '006 Products comprise systems and methods that generate an authenticity digital signature that excludes one or more locations in an executable image.

24.     On information and belief, the Barracuda '006 Products comprise systems and methods that determine whether the authenticity digital signature matches the reference digital signature.

25.     On information and belief, the Barracuda '006 Products contain functionality that generates a warning if the reference digital signature does not match the authenticity digital signature.

26.     On information and belief, the Barracuda '006 Products contain functionality wherein the digital signature is generated based on a first and second point in time.  For example, one or more of the Barracuda '006 Products generate a reference digital signature at a first point in time.  Subsequently, an authenticity digital signature is generated (at a second point in time).

27.     On information and belief, the Barracuda '006 Products comprise a system and method that generates a digital signature based on a hash value.  Specifically, the reference digital signature that is generated by the Barracuda '006 Products at a first point in time is based on a hash value.  Later the authenticity digital signature is also generated based on a hash function that is used to check data integrity.

28.     On information and belief, the Barracuda '006 Products comprise a system and method that can verify the identity a computer application.

29.     On information and belief, the Barracuda '006 Products enable the detection of corrupted data in a computer image.

30.     On information and belief, the Barracuda '006 Products enable the verification of the integrity of software images.

31.     On information and belief, Barracuda has directly infringed and continues to directly infringe the '006 patent by, among other things, making, using, offering for sale, and/or selling content protection technology, including but not limited to the Barracuda '006 Products, which includes technology for verifying the authenticity of a software image.  Such products and/or services include, by way of example and without limitation, the Barracuda Web

Application Firewall Versions 360, 360Vx, 460, 460Vx, 660, 660Vx, 860, 860Vx, 960, 960Vx, and the Barracuda Cloud LiveBoot Recovery.

32.     By making, using, testing, offering for sale, and/or selling verification and authentication products and services, including but not limited to the Barracuda '006 Products, Barracuda has injured MOV Intelligence and is liable to MOV Intelligence for directly infringing one or more claims of the '006 patent, including at least claims 1, 3, 14, and 15, pursuant to 35 U.S.C. § 271(a).

33.     On information and belief, Barracuda also indirectly infringes the '006 patent by actively inducing infringement under 35 USC § 271(b).

34.     On information and belief, Barracuda had knowledge of the '006 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Barracuda knew of the '006 patent and knew of its infringement, including by way of this lawsuit.

35.     On information and belief, Barracuda intended to induce patent infringement by third-party customers and users of the Barracuda '006 Products and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. Barracuda specifically intended and was aware that the normal and customary use of the accused products would infringe the '006 patent. Barracuda performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '006 patent and with the knowledge that the induced acts would constitute infringement. For example, Barracuda provides the Barracuda '006 Products that have the capability of operating in a manner that infringe one or more of the claims of the '006 patent, including at least claims 1, 3, 14, and 15, and Barracuda further provides documentation and training materials that cause customers and end users of the Barracuda '006 Products to utilize the products in a manner that directly infringe one or more claims of the '006 patent. By providing instruction and training to customers and end-users on how to use the Barracuda '006 Products in a manner that directly infringes one or more claims of the '006 patent, including at least claims 1, 3, 14, and 15, Barracuda specifically intended to induce infringement of the '006

patent.  On information and belief, Barracuda engaged in such inducement to promote the sales of the Barracuda '006 Products, *e.g*., through Barracuda user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '006 patent. Accordingly, Barracuda has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '006 patent, knowing that such use constitutes infringement of the '006 patent.

36.     The '006 patent is well-known within the industry as demonstrated by the over 85 citations to the '006 patent in issued patents and published patent applications assigned to technology companies and academic institutions.   Several of Barracuda's competitors have paid considerable licensing fees for their use of the technology claimed by the '006 patent.  In an effort to gain an advantage over Barracuda's competitors by utilizing the same licensed technology without paying reasonable royalties, Barracuda infringed the '006 patent in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

37.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '006 patent.

38.     As a result of Barracuda's infringement of the '006 patent, MOV Intelligence has suffered monetary damages, and seeks recovery in an amount adequate to compensate for Barracuda's infringement, but in no event less than a reasonable royalty for the use made of the invention by Barracuda together with interest and costs as fixed by the Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,510,516

39.     MOV Intelligence references and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

40.     Barracuda designs, makes, uses, sells, and/or offers for sale in the United States products and/or services for authenticating peer data objects.

41.     Barracuda designs, makes, sells, offers to sell, imports, and/or uses Barracuda NexGen Firewall F-Series running firmware versions 6.0, 6.2, and 7.0 (the "Barracuda '516 Products").

42.     On information and belief, one or more Barracuda subsidiaries and/or affiliates use the Barracuda '516 Products in regular business operations.

43.     On information and belief, one or more of the Barracuda '516 Products include authentication technology.

44.     On information and belief, one or more of the Barracuda '516 Products enable authenticating the identity of peers to a data object.

45.     On information and belief, the Barracuda '516 Products are available to businesses and individuals throughout the United States.

46.     On information and belief, the Barracuda '516 Products are provided to businesses and individuals located in the Eastern District of Texas.

47.     On information and belief, the Barracuda '516 Products enable first data objects to contain or be linked to a description of one or more peer data objects that are required to be connected to the first data object before the data object can be accessed by the peer data objects.

48.     On information and belief, the Barracuda '516 Products enable the use of a digital signature that identifies the provider of a data object.

49.     On information and belief, the Barracuda '516 Products contain systems and methods that comprise reading from a data object a description of one or more peer data objects that is required for use of the data object.

50.     On information and belief, the Barracuda '516 Products contain functionality for determining whether the data object is authorized to communicate with one or more peer data objects.

51.     On information and belief, the Barracuda '516 Products contain the capability to determine if the data object is authorized to communicate with one or more peer data objects.

52.     On information and belief, the Barracuda '516 Products are capable of controlling the connection of the peer data objects to the data object.

53.     On information and belief, the Barracuda '516 Products comprise systems and methods that connect a data object to peer data objects based upon authorization being granted. Moreover, when authorization is granted for the connection of a data object to peer data objects the peer data objects can communicate with the data object and the data object can communicate with the peer data objects.

54.     On information and belief, the Barracuda '516 Products support authenticating a data object where the data object is encrypted.

55.     On information and belief, Barracuda has directly infringed and continues to directly infringe the '516 patent by, among other things, making, using, offering for sale, and/or selling data object authentication and verification technology, including but not limited to the Barracuda '516 Products, which include infringing verification and authentication technologies. Such products and/or services include, by way of example and without limitation, the Barracuda NexGen Firewall F-Series running firmware versions 6.0, 6.2, and 7.0.

56.     By making, using, testing, offering for sale, and/or selling authentication and verification products and services, including but not limited to the Barracuda '516 Products, Barracuda has injured MOV Intelligence and is liable to MOV Intelligence for directly infringing one or more claims of the '516 patent, including at least claims 1, 17, and 20, pursuant to 35 U.S.C. § 271(a).

57.     On information and belief, Barracuda also indirectly infringes the '516 patent by actively inducing infringement under 35 USC § 271(b).

58.     On information and belief, Barracuda had knowledge of the '516 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Barracuda knew of the '516 patent and knew of its infringement, including by way of this lawsuit.

59.     On information and belief, Barracuda intended to induce patent infringement by third-party customers and users of the Barracuda '516 Products and had knowledge that the

inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.  Barracuda specifically intended and was aware that the normal and customary use of the accused products would infringe the '516 patent.  Barracuda performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '516 patent and with the knowledge that the induced acts would constitute infringement.  For example, Barracuda provides the Barracuda '516 Products that have the capability of operating in a manner that infringe one or more of the claims of the '516 patent, including at least claims 1, 17, and 20, and Barracuda further provides documentation and training materials that cause customers and end users of the Barracuda '516 Products to utilize the products in a manner that directly infringe one or more claims of the '516 patent.  By providing instruction and training to customers and end-users on how to use the Barracuda '516 Products in a manner that directly infringes one or more claims of the '516 patent, including at least claims 1, 17, and 20, Barracuda specifically intended to induce infringement of the '516 patent.  On information and belief, Barracuda engaged in such inducement to promote the sales of the Barracuda '516 Products, e.g., through Barracuda user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '516 patent. Accordingly, Barracuda has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '516 patent, knowing that such use constitutes infringement of the '516 patent.

60.     The '516 patent is well-known within the industry as demonstrated by the over 108 citations to the '516 patent family in issued patents and published patent applications assigned to technology companies and academic institutions (*e.g.*, LG Electronics, Inc. and Siemens AG).  Several of Barracuda's competitors have paid considerable licensing fees for their use of the technology claimed by the '516 patent.  In an effort to gain an advantage over Barracuda's competitors by utilizing the same licensed technology without paying reasonable royalties, Barracuda infringed the '516 patent in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

61.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '516 patent.

62.     As a result of Barracuda's infringement of the '516 patent, MOV Intelligence has suffered monetary damages, and seeks recovery in an amount adequate to compensate for Barracuda's infringement, but in no event less than a reasonable royalty for the use made of the invention by Barracuda together with interest and costs as fixed by the Court.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 7,650,504**

63.     MOV Intelligence references and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

64.     Barracuda designs, makes, uses, sells, and/or offers for sale in the United States products and/or services for verifying the authenticity of executable images.

65.     Barracuda designs, makes, sells, offers to sell, imports, and/or uses Barracuda Cloud LiveBoot Recovery (the "Barracuda '504 Products").

66.     On information and belief, one or more Barracuda subsidiaries and/or affiliates use the Barracuda '504 Products in regular business operations.

67.     On information and belief, one or more of the Barracuda '504 Products include authentication technology.

68.     On information and belief, one or more of the Barracuda '504 Products comprise systems and methods for determining the authenticity of an executable image.

69.     On information and belief, one or more of the Barracuda '504 Products enable authenticating and verifying an executable image.  In particular, the Barracuda '504 Products determine whether a software application that has been dynamically connected to another data object has been tampered with subsequent to the execution of the software application.

70.     On information and belief, the Barracuda '504 Products are available to businesses and individuals throughout the United States.

71.     On information and belief, the Barracuda '504 Products are provided to businesses and individuals located in the Eastern District of Texas.

72.     On information and belief, the Barracuda '504 Products enable the use of a reference digital signature for an executable image.  The reference digital signature uses the contents of the executable image excluding portions of the executable that are fixed-up by a program loader.

73.     On information and belief, the Barracuda '504 Products comprise a system wherein a reference digital signature is generated based on an executable image.

74.     On information and belief, the Barracuda '504 Products generate a reference digital signature that excludes one or more locations in an executable image.

75.     On information and belief, the Barracuda '504 Products comprise systems and methods wherein subsequent to the loading of the executable image the '504 Products determine an authenticity digital signature to verify that the executable image has not been improperly modified.

76.     On information and belief, the Barracuda '504 Products comprise systems and methods that generate an authenticity digital signature that excludes one or more locations in an executable image.

77.     On information and belief, the Barracuda '504 Products are systems and methods that generate an authenticity digital signature after the executable image is loaded into memory. The authenticity digital signature which is generated by the Barracuda '504 Products excludes one or more pointers in need of fixing up;

78.     On information and belief, the Barracuda '504 Products comprise systems and methods that determine whether the authenticity digital signature matches the reference digital signature.

79.     On information and belief, the Barracuda '504 Products enable the generating of a reference digital signature prior to loading the executable image into memory.  Specifically, the

Barracuda '504 Products generate a reference digital signature that excludes one or more pointers from the reference digital signature.

80.     On information and belief, the Barracuda '504 Products contain functionality wherein the digital signature is generated based on a first and second point in time.

81.     On information and belief, the Barracuda '504 Products have the ability to compare the reference digital signature and the authenticity digital signature to perform an authenticity check.

82.     On information and belief, the Barracuda '504 Products enable the detection of corrupted data in a computer image.

83.     On information and belief, the Barracuda '504 Products enable the verification of the integrity of software images.

84.     On information and belief, Barracuda has directly infringed and continues to directly infringe the '504 patent by, among other things, making, using, offering for sale, and/or selling content protection technology, including but not limited to the Barracuda '504 Products, which includes technology for verifying the authenticity of a software image.  Such products and/or services include, by way of example and without limitation, Barracuda Cloud LiveBoot Recovery.

85.     By making, using, testing, offering for sale, and/or selling authentication and verification technologies and services, including but not limited to the Barracuda '504 Products, Barracuda has injured MOV Intelligence and is liable to MOV Intelligence for directly infringing one or more claims of the '504 patent, including at least claims 1 and 10, pursuant to 35 U.S.C. § 271(a).

86.     On information and belief, Barracuda also indirectly infringes the '504 patent by actively inducing infringement under 35 USC § 271(b).

87.     On information and belief, Barracuda had knowledge of the '504 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Barracuda knew of the '504 patent and knew of its infringement, including by way of this lawsuit.

88.     On information and belief, Barracuda intended to induce patent infringement by third-party customers and users of the Barracuda '504 Products and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.  Barracuda specifically intended and was aware that the normal and customary use of the accused products would infringe the '504 patent.  Barracuda performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '504 patent and with the knowledge that the induced acts would constitute infringement.  For example, Barracuda provides the Barracuda '504 Products that have the capability of operating in a manner that infringe one or more of the claims of the '504 patent, including at least claims 1 and 10, and Barracuda further provides documentation and training materials that cause customers and end users of the Barracuda '504 Products to utilize the products in a manner that directly infringe one or more claims of the '504 patent.  By providing instruction and training to customers and end-users on how to use the Barracuda '504 Products in a manner that directly infringes one or more claims of the '504 patent, including at least claims 1 and 10, Barracuda specifically intended to induce infringement of the '504 patent.  On information and belief, Barracuda engaged in such inducement to promote the sales of the Barracuda '504 Products, e.g., through Barracuda user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '504 patent. Accordingly, Barracuda has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '504 patent, knowing that such use constitutes infringement of the '504 patent.

89.     The '504 patent is well-known within the industry as demonstrated by the over 30 citations to the '504 patent family in issued patents and published patent applications assigned to technology companies and academic institutions (*e.g.*, Apple, Inc. and Electronics and Telecommunications Research Institute (ETRI)).  Several of Barracuda's competitors have paid considerable licensing fees for their use of the technology claimed by the '504 patent.  In an effort to gain an advantage over Barracuda's competitors by utilizing the same licensed

technology without paying reasonable royalties, Barracuda infringed the '504 patent in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

90.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '504 patent.

91.     As a result of Barracuda's infringement of the '504 patent, MOV Intelligence has suffered monetary damages, and seeks recovery in an amount adequate to compensate for Barracuda's infringement, but in no event less than a reasonable royalty for the use made of the invention by Barracuda together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MOV Intelligence respectfully requests that this Court enter:

A.     A judgment in favor of Plaintiff MOV Intelligence that Barracuda has infringed, either literally and/or under the doctrine of equivalents, the '006 patent, the '516 patent, and the '504 patent;

B.     An award of damages resulting from Barracuda's acts of infringement in accordance with 35 U.S.C. § 284;

C.     A judgment and order finding that Defendant's infringement was willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate within the meaning of 35 U.S.C. § 284 and awarding to Plaintiff enhanced damages.

D.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant.

E.     Any and all other relief to which MOV Intelligence may show itself to be entitled.

### JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MOV Intelligence requests a trial by jury of any issues so triable by right.

Dated:  September 23, 2016

Respectfully submitted,

/s/  Dorian S. Berger_____
Elizabeth L. DeRieux (TX Bar No. 05770585)
D. Jeffrey Rambin (TX Bar No. 00791478)
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

OF COUNSEL:

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
BERGER & HIPSKIND LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 95047
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com

*Attorneys for Marking Object Virtualization
Intelligence, LLC*