# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC | § § § | |
| *Plaintiff*, | § § | Civil Action No. 2:16-CV-01038-JRG |
| v. | § § | LEAD CASE |
| BARRACUDA NETWORKS, INC., | § § § | |
| *Defendant*. | § § | |
| MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC | § § § | |
| *Plaintiff*, | § § § | Civil Action No. 2:16-CV-01062-JRG |
| v. | § § | |
| FIRST DATA CORPORATION, | § § § | |
| *Defendant*. | § | |

**DEFENDANT FIRST DATA CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS CLAIMS OF INDUCED AND WILLFUL INFRINGEMENT**

First Data's motion identifies fatal flaws in MOVI's claims of induced and willful infringement, including a lack of allegations regarding specific intent and egregious conduct.  MOVI's opposition simply reiterates the deficient allegations in its Complaint and argues that it should be allowed to address the defects in its claims through discovery.  But a well-pleaded claim is a threshold requirement, and MOVI's claims of induced and willful infringement fail to meet the plausibility standard that is required to pursue discovery.  Nothing in MOVI's opposition cures the deficiencies in its claims; if anything, MOVI's brief confirms that its inducement and willfulness claims are fatally flawed for the very reasons identified in First Data's motion.

### A. MOVI's Inducement Allegations Do Not Support A Reasonable Inference of Specific Intent Because They Are Boilerplate and Conclusory

As explained in First Data's opening brief, the Supreme Court, the Federal Circuit, and courts in this district have all found that a claim for inducement requires more than simply alleging the defendant instructs its customers to use the accused products in a way that is alleged to infringe.  (Dkt. 14 at 7-9.)  Rather, to state a claim for inducement, "[a] complaint[] must contain facts plausibly showing that [defendants] *specifically intended* their customers to infringe [the asserted] patent and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (emphasis added).

Despite this clear precedent, MOVI argues in its opposition that its allegations that "'First Data specifically intended and were [sic] aware that the normal and customary use of the accused products would infringe the [patents-in-suit]' and [First Data's] provision of 'user manuals, product support, marketing materials, and training materials'" are sufficient to state a claim of induced infringement.  (Dkt. 19 at 8.)  The first allegation does nothing more than parrot the legal standard for specific intent, as the following chart illustrates:

1

| *In re Bill of Lading* | MOVI's allegation |
|---|---|
| To state a claim for inducement, "a complaint[] must contain facts plausibly showing that [defendants] ***specifically intended their customers to infringe*** [the asserted] patent and ***knew that the customer's acts constituted infringement***." | "'First Data ***specifically intended and were [sic] aware that the normal and customary use of the accused products would infringe*** the [patents-in-suit]'" |

That allegation is thus conclusory, not entitled to a presumption of truth, and insufficient to state a claim for inducement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The second allegation—that First Data provides "user manuals, product support, marketing materials, and training materials" regarding the accused products—is precisely the type of allegation that has repeatedly been held insufficient to plead a claim for inducement. *Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*, No. 6:13CV307 MHS-JDL, 2014 WL 10291478, at *4 (E.D. Tex. Feb. 7, 2014); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-751-JDL, 2015 WL 5000397, at *4 (E.D. Tex. June 3, 2015), *report and recommendation adopted*, No. 6:14-CV-751 JRG-JDL, Dkt. 81 (E.D. Tex. July 15, 2015); *see generally* Dkt. 1 at 8. MOVI's opposition thus fails to identify any allegation in its Complaint that supports a reasonable, and necessary, inference regarding specific intent.

MOVI also argues that "[t]his Court has previously upheld" allegations like the allegations in MOVI's Complaint "as establishing, at the pleading stage, a defendant's specific intent to induce patent infringement." (Dkt. 19 at 8.) But the cases cited by MOVI are distinguishable. The three asserted patents in *Script Sec. Solutions LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928 (E.D. Tex. 2016) all share the title "Portable Motion Detector and Alarm System and Method" and were all asserted against the same set of motion detectors and alarm systems. *Script Sec. Solutions LLC v. Amazon.com, Inc.*, Civil Action No. 1030, Dkt. 57 ¶¶ 8, 10, 13, 15, 18, 20. Similarly, the complaint in *Opticurrent LLC v. Power*

*Integrations, Inc. et al.* asserts a patent entitled "Three Terminal Noninverting Transistor Switch" against certain "products that include a three terminal non-inverting switch." *Opticurrent LLC v. Power Integrations, Inc. et al.*, Case 2:16-cv-00325-JRG, Dkt. 1 at ¶¶ 12, 15.  In both cases, prima facie connections between the asserted patent(s) and accused products arguably support inferences of specific intent when considered in the context of the pleadings in those cases.  There are no prima facie connections between MOVI's asserted patents (which relate to "Authenticating Peer Components" (the '516 patent) and "Verifying the Authenticity of Dynamically Connectable Executable Images" (the '006 and '504 patents)) and the accused First Data products ("TransArmor" and "Clover" payment processing products).  The allegations in *Script* and *Opticurrent* are not "similar" to the allegations here, and neither decision saves MOVI's inducement claim.  (Dkt. 19 at 8.)[1]

### B. MOVI's Willfulness Allegations Do Not Support A Reasonable Inference That The Alleged Infringement Was Egregious

First Data's opening brief demonstrates that MOVI's allegations regarding willful infringement fail to support a plausible inference that First Data acted egregiously, *i.e.*, as a "'wanton and malicious pirate' who intentionally infringes another's patent—with no doubts about its validity or any notion of a defense—for no purpose other than to steal the patentee's business." *Halo Elecs. Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1936 (2016); *see generally* Dkt. 14 at 11-13.  In its opposition, MOVI argues that First Data mischaracterizes *Halo*, and that its willfulness claims should be allowed to survive because the Complaint supports an inference that First Data infringed the asserted patents "with **reason to know** of [MOVI's] patents." (Dkt. 19 at 11 (emphasis added).)  According to

---

[1] *Lodsys LLC v. Brother Int'l Corp.*, 2012 U.S. Dist. LEXIS 31456 (E.D. Tex. Mar. 8, 2012) and *LML Patent Corp. v. Nat'l Bank of Daingerfield*, 2011 U.S. Dist. LEXIS 44700 (E.D. Tex. Mar. 24, 2011) are also distinguishable.  Neither moving party in those cases challenged the sufficiency of the pleadings regarding specific intent, as First Data does here.  *See* 2012 U.S. Dist. LEXIS, at *10; 2011 U.S. Dist. LEXIS 44700, at *2-3.

MOVI, so long as a willfulness claim includes allegations that the defendant infringes an asserted patent (which all complaints for patent infringement do) and has "reason to know" of the asserted patent, it should be allowed to survive a motion to dismiss under *Halo*.  (*Id.*)

MOVI's argument simply cannot be squared with the Supreme Court's guidance in *Halo* that willfulness and enhanced damages should be limited to "***egregious*** cases of misconduct ***beyond typical infringement***" and should not be awarded in "garden-variety cases," *Halo*, 136 S. Ct. at 1935-36 (emphases added), or the Federal Circuit's instruction that a claim for willfulness requires ***actual pre-suit knowledge*** of the asserted patents, *In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), *overruled on other grounds by Halo*, 136 S.Ct. 1923.  MOVI, not First Data, mischaracterizes *Halo*.

MOVI argues that a combination of allegations regarding pre- and post-suit conduct and alleged pre- and post-suit "reasons to know" about the asserted patents supports an inference of egregious misconduct.  (Dkt. 19 at 10.)  But this Court and the Federal Circuit have been clear that "'a willfulness claim asserted in the original complaint must necessarily be grounded in the accused infringer's pre-filing conduct.'" *Opticurrent, LLC v. Power Integrations, Inc. et al.*, Case No. 2:16-CV-325-JRG, Doc. 34 at 3-4 (E.D. Tex. Oct. 19, 2016) (quoting *Seagate*, 497 F.3d at 1374).[2]

MOVI's allegations regarding pre-suit conduct boil down to allegations that (1) one of the three asserted patents was cited in certain First Data patents and published patent applications, that (2) the asserted patents were "well known within" an unspecified industry, and (3) that several of First Data's "competitors have paid considerable licensing fees for their use of the technology claimed by the patents-in-suit." (Dkt. 19 at 10.)  None

---

[2] MOVI also faults First Data's opening brief for citing pre-*Halo* decisions dismissing claims of willfulness, yet fails to acknowledge that *Opticurrent*, which is cited in its opposition, is a post-*Halo* decision granting a motion to dismiss a claim of willful infringement for failure to allege "any pre-suit conduct which could plausibly rise to the level of being 'characteristic of a pirate.'"  (Dkt. 19 at 10.)

of those allegations supports a reasonable inference that First Data intentionally infringed the asserted patents before suit was filed because none of them connect any of the asserted patents to the accused products.  Even if the '516 patent is cited in certain First Data patents and patent applications (which must be assumed true for purposes of this motion), there is no allegation that any of those patents or applications relate to the accused products or any technology found in the accused products.[3]  Nor are there any allegations in the Complaint that link the alleged general knowledge of the patents in an unspecified industry to the accused products, or that support an inference that First Data had reason to believe that its payment processing technologies could be accused of infringing patents related to "Executable Images."  Regarding the alleged licenses to the asserted patents, there is no allegation that First Data knew those licenses existed, or that information about those licenses was public.  And even if there were, the allegation that another company, offering different products from First Data's products, licensed a portfolio of patents including patents in addition to the patents-in-suit, does not set forth any factual basis for a finding that First Data knew about and egregiously disregarded infringement by its own products. MOVI's allegations simply do not support a reasonable inference that First Data intentionally infringed any of the patents-in-suit before suit was filed.  MOVI's theory of willful infringement based on "reason to know" of the asserted patents is implausible and legally unsound.  MOVI's claims for willful infringement should be dismissed.

---

[3] Multiple cases have found that the first allegation (regarding alleged citations of the '516 patent) do not support an inference of actual knowledge of the asserted patent.  *See Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. CIV.A. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012); *see also Callwave Commc'ns LLC v. AT&T Mobility LLC*, No. CV 12-1701-RGA, 2014 WL 5363741, at *2 (D. Del. Jan. 28, 2014).

Respectfully submitted,

*/s/ J. Stephen Ravel*_____

J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Ste. 2000
Austin, Texas 78701
Tel: (512) 495-6439
Fax: (512) 495-6401
Email: steve.ravel@kellyhart.com

Travis L. Clardy
Texas State Bar No. 04268020
209 East Main Street
Nacogdoches, Texas 75961
Tel: (936) 564-2500
Fax: (936) 564-2507
Email: travis.clardy@kellyhart.com

Gregory H. Lantier
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6327
Fax: (202) 663-6363
Email: gregory.lantier@wilmerhale.com

David C. Marcus
Jason F. Choy (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5312
Fax: (213) 443-5400
Email: david.marcus@wilmerhale.com
Email: jason.choy@wilmerhale.com

ATTORNEYS FOR FIRST DATA CORPORATION

CERTIFICATE OF SERVICE

      The undersigned certifies that on January 10, 2017 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).

                                                      */s/ J. Stephen Ravel*
                                                      J. Stephen Ravel